IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FARM CREDIT LEASING SERVICES CORPORATION, | ) ) ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-CV-00038 SNLJ ) |
| J.P. ROSS COTTON COMPANY | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| And | ) ) |
| MARK KELLEY, | ) ) |
| Defendants. | ) |

DEFENDANT J.P. ROSS COTTON COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
AND INCLUDING DEMAND FOR JURY TRIAL

COMES NOW Defendant J.P. Ross Cotton Company, by and through counsel, C.H. Parsons, Jr. and J. Michael Baker of the law firm Parsons, Wilson, Baker, Attorneys at Law, P.C., and for this Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

I. ANSWER TO PLAINTIFF'S COMPLAINT

1.      This defendant lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint.

2.      This defendant admits J.P. Ross Cotton Company is organized under the laws of the State of Missouri with its principal place of business at 200 Clay

Street, Essex, MO 63846.  This defendant denies J.P. Ross Cotton Company is a Lessee.

3. This defendant admits defendant Mark Kelley is an individual citizen of the State of Missouri residing in Stoddard County, Missouri.  This defendant denies defendant Mark Kelly is a Guarantor.

4. This defendant admits the parties are citizens of different states; however, denies this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5. This defendant admits it conducts business in this district.  This defendant admits defendant Mark Kelley resides in this district.  It is denied that defendant Mark Kelley is a Guarantor.  This defendant denies jurisdiction and thus denies the appropriateness of this venue.

6. This defendant lacks sufficient knowledge or information sufficient to form a belief about the truth of the business of Farm Credit Leasing.  This defendant denies the remainder of paragraph 6 of Plaintiff's Complaint and affirmatively states it did not obtain possession of any agriculture equipment from Farm Credit Leasing, not pursuant to an equipment lease or otherwise.

7. This defendant denies the allegations of paragraph 7 of the Complaint.

8. This defendant denies the allegations of paragraph 8 of the Complaint.

9. This defendant denies the allegations of paragraph 9 of the Complaint.

10. This defendant denies any liability to Plaintiff under the purported lease or documents attached to the complaint and thus denies the allegations of paragraph 10 of the Complaint.

11. This defendant denies the allegations of paragraph 11 of the Complaint.

12. This defendant denies the allegations of paragraph 12 of the Complaint.

13. This defendant lacks sufficient knowledge or information sufficient to form a belief about the alleged filing of a financing statement and thus denies. Defendant otherwise denies the allegations of paragraph 13 of the Complaint

14. This defendant denies the allegations of paragraph 14 of the Complaint.

15. This defendant denies the allegations of paragraph 15 of the Complaint.

16. This defendant denies the allegations of paragraph 16 of the Complaint.

17. This defendant denies any liability to Plaintiff under the purported lease or documents attached to the Complaint and thus denies the allegations of paragraph 17 of the Complaint.

18. This defendant denies the allegations of paragraph 18 of the Complaint.

19. This defendant admits Farm Credit Leasing sent it correspondence in December 2018, a copy of which Plaintiff attached as Exhibit 5; however, this defendant denies the date was December 17, 2018.  However, this Defendant denies any liability to Plaintiff under a purported lease or other alleged document and affirmatively states it had no obligation to respond or take any action.  Except as to the very limited admittance above, this defendant denies all other allegations of paragraph 19 of the Complaint.

20. This defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant J.P. Ross Cotton Company restates, realleges, and adopts by reference all responses contained in Paragraphs 1 through 20 as though fully set forth herein.

22. This defendant denies the allegations of paragraph 22 of the Complaint.

23. This defendant denies the allegations of paragraph 23 of the Complaint.

24. This defendant denies the allegations of paragraph 24 of the Complaint.

25. This defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant J.P. Ross Cotton Company restates, realleges, and adopts by reference all responses contained in Paragraphs 1 through 25 as though fully set forth herein.

27. This defendant denies the allegations of paragraph 27 of the Complaint and affirmatively states it has never received any equipment from Plaintiff.

28. This defendant denies any liability to Plaintiff for payment, denies Plaintiff has any right to "demand" payment, and thus denies the allegations paragraph 28 of the Complaint.

29. This defendant denies it has received any benefit from Plaintiff and denies the allegations of paragraph 29 of the Complaint.

30. Defendant J.P. Ross Cotton Company restates, realleges, and adopts by reference all responses contained in Paragraphs 1 through 29 as though fully set forth herein.

31. This defendant denies the allegations of paragraph 31 of the Complaint.

32. This defendant denies the allegations of paragraph 32 of the Complaint.

33. This defendant denies the allegations of paragraph 33 of the Complaint.

34. This defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant J.P. Ross Cotton Company restates, realleges, and adopts by reference all responses contained in Paragraphs 1 through 34 as though fully set forth herein.

36. This defendant denies it has a piece of equipment to give Plaintiff possession and denies the allegations of paragraph 36 of the Complaint.

37. This defendant denies the allegations of paragraph 37 of the Complaint and affirmatively states it did not take possession of any equipment from Plaintiff.

38. This defendant denies the allegations of paragraph 38 of the Complaint.

39. This defendant denies any default or liability to cure and denies the allegations of paragraph 39 of the Complaint.

40. This defendant denies it ever had any use or possession of equipment from Plaintiff, denies that this defendant is wrongfully detaining or using any equipment alleging belonging to Plaintiff, and Defendant denies the allegations of paragraph 40 of the Complaint.

41. This defendant lacks sufficient knowledge or information sufficient to form a belief about the truth of this allegations of paragraph 41 of the Complaint and, therefore, denies.

42. This defendant denies the allegations of paragraph 42 of the Complaint.

43. This defendant has no equipment belonging to Plaintiff, has not concealed any equipment from Plaintiff, and denies the allegations of paragraph 43 of the Complaint.

44. This defendant does not possess any equipment belonging to Plaintiff, has not used any equipment belonging to Plaintiff, and denies the allegations of paragraph 44 of the Complaint.

45. This defendant denies the allegations of paragraph 45 of the Complaint.

46. This defendant denies any allegations of Plaintiff's Complaint not specifically admitted herein.

## II. AFFIRMATIVE DEFENSES TO ALL COUNTS

47. This defendant re-alleges and re-states all denials, allegations, and affirmative defenses previously made herein, and in addition raises the following affirmative defenses, and to the extent any of the following affirmative defenses may be viewed as in any way inconsistent, they are pleaded in the alternative:

### (a) First Affirmative Defense

Defendant J.P. Ross Cotton Company denies liability on the instrument or instruments attached to the Complaint and affirmatively states the same were not executed by or on behalf of this company.

### (b) Second Affirmative Defense

While denying any liability to Plaintiff whatsoever, Defendant J.P. Ross Cotton Company states this Court lacks subject matter jurisdiction over this matter

as the amount in controversy is less than $75,000.00 as evidenced by multiple invoices sent by Plaintiff to this defendant in December 2018, January 2019, February 2019 and March 2019 (post-filing), each of which stated a (contested) "total due" of much less than $75,000.00.  Therefore, the amount in controversy cannot, in good faith, exceed $75,000 even exclusive of interest and costs, and this matter cannot meet the jurisdictional criteria set forth under 28 U.S.C. § 1332.

### (c) Third Affirmative Defense

Defendant J.P. Ross Cotton Company affirmatively raises the defense of failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6).

### (d) Fourth Affirmative Defense

While denying any liability to Plaintiff whatsoever, this defendant states in an alternative that Plaintiff's claims are barred, in whole or in part by Plaintiff's non-performance and breach of terms under which Plaintiff seeks to enforce in that no equipment was delivered by or on behalf of Plaintiff to J.P. Ross Cotton Company, no such equipment was accepted by J.P. Ross Cotton Company, no equipment was placed in service pursuant to the purported lease, and, therefore, no purported lease could commence or exist between Plaintiff and this defendant under the terms of the purported documents attached to Plaintiff's Complaint.

### (e) Fifth Affirmative Defense

While denying any liability to Plaintiff whatsoever, this defendant states in an alternative Plaintiff's claims are barred, in whole or in part, by the doctrines of

waiver and estoppel in that defendants, through Mark Kelley, on or about January 10, 2018, called and spoke with an employee of Farm Credit Leasing. Mr. Kelley explained J.P. Ross Cotton Company did not receive any equipment, there was no agreement between himself or J.P. Ross Cotton Company for the lease of a machine, and neither would be leasing a machine from Farm Credit Leasing.  Mr. Kelley called Farm Credit Leasing again that same day and spoke with another employee of Farm Credit Leasing. Mr. Kelley relayed this information again.  The gentleman employee asked if a sprayer had been delivered. Mr. Kelley explained a sprayer had not been delivered by or received from Farm Credit Leasing, and this gentleman made a statement to Mr. Kelley to the effect Mr. Kelley need not to worry about it further, which representation was relied upon by this defendant.  The statement by this gentleman intentionally relinquished and waived on Farm Credit Leasing's behalf any known right of Plaintiff against either or both of these defendants.  Farm Credit has since, however, taken inconsistent action in filing its Complaint, which has caused this defendant to be forced to defend in Court against the same subject Plaintiff's employee stated not to worry about further.

(f) Sixth Affirmative Defense

While denying any liability to Plaintiff whatsoever, this defendant states in an alternative Plaintiff's claims are barred, in whole or in part by the doctrine of laches in that, having information defendant J.P. Ross did not receive a machine, that defendants denied a lease or obligations pursuant to a lease, and without any

payment(s) by either defendant, Plaintiff has waited more than one year to file its Complaint.

### (g) Seventh Affirmative Defense

While denying any liability to Plaintiff whatsoever, this Defendant states in an alternative Plaintiff's claims are barred, in whole or in part for failure of consideration as no consideration or benefit was transferred by Plaintiff to any defendant and no consideration or benefit was transferred by any defendant to Plaintiff. The purported lease and associated documents alleged by Plaintiff fail for lack of any consideration, mutual or otherwise.

### (h) Eighth Affirmative Defense

While denying any liability to Plaintiff whatsoever, this Defendant states Plaintiff's claims are barred, in whole or in part because Plaintiff has come into court with unclean hands in that Plaintiff never delivered any machine to either defendant, had knowledge a machine was never delivered by Plaintiff to either defendant, made a statement through its employee to defendants by stating to Mr. Kelley not to worry about it, but now attempts to assert a purported lease of a machine that was not delivered, accepted or used by either defendant.

### (j) Ninth Affirmative Defense

Defendant J.P. Ross Cotton Company affirmatively reserves the right to assert additional affirmative defenses as discovery warrants.

### III. JURY TRIAL DEMAND

48. Defendant J.P. Ross Cotton Company demands a trial by jury on all issues so triable.

WHEREFORE, defendant J.P. Ross Cotton Company prays that the Plaintiff take nothing by way of its Complaint; prays that the Complaint be dismissed; and prays that this Court award defendant J.P. Ross Cotton Company its costs, attorneys' fees and all other proper relief allowed.

Dated this 2nd day of April, 2019.

    /s/ J. Michael Baker
J. Michael Baker    62067MO
C. H. Parsons, Jr.    18832MO
PARSONS, WILSON, BAKER
Attorneys at Law, P.C.
7 North Elm Street
P. O. Box 428
Dexter, MO  63841
E-mail: parsonslaw@earthlink.net
Telephone:  573-624-5901
Facsimile:  573-624-5443

ATTORNEYS FOR DEFENDANTS
J.P. ROSS COTTON COMPANY AND
MARK KELLEY

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2019, the foregoing Answer, Affirmative Defenses and Demand for Jury Trial was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Andrew J. Scavotto
    STINSON LEONARD STREET, LLP
    7700 Forsyth Blvd., Ste 1100
    St. Louis, MO 63105
    Telephone:  (314) 863-0800
    Email:  andrew.scavotto@stinson.com

Date:  April 2, 2019　　　　　　　/s/ J. Michael Baker
                                             J. Michael Baker      62067MO
                                             C. H. Parsons, Jr.    18832MO
                                             PARSONS, WILSON, BAKER
                                           Attorneys at Law, P.C.
                                           7 North Elm Street
                                           P. O. Box 428
                                           Dexter, MO  63841
                                           E-mail: parsonslaw@earthlink.net
                                           Telephone:  573-624-5901
                                           Facsimile:  573-624-5443

                                           ATTORNEYS FOR DEFENDANTS
                                           J.P. ROSS COTTON COMPANY AND
                                           MARK KELLEY